**Lizzie Sutterlute, Appellee, v. The Supreme Court of the Independent Order of Foresters, Appellant.**

**Gen. No. 16,958.**

INSURANCE—*evidence.* It cannot be said that the verdict of the jury permitting a recovery on a benefit certificate or their special verdicts to the effect that the insured was not a liquor dealer are manifestly against the weight of the evidence, where there is considerable evidence that although a saloon license was taken out in the name of the insured he did not conduct the saloon but was a musician, and that the saloon belonged to his wife, who conducted the same and reimbursed the brewing company for the license which it had in reality taken out in the name of the insured.

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912. Rehearing denied June 18, 1912.

CHARLES F. VOGEL, for appellant.

ROY O. GILBERT and WILLARD A. WHITE, for appellee; J. W. SUTTON, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Recovery was had upon a benefit certificate issued by the appellant to Arthur Frank Sutterlute, his wife, the appellee, being the beneficiary.

In his application, Sutterlute described himself as a

music teacher. The contention of the appellant is that he was a liquor dealer, and as such, under the constitution of the order, was not eligible to membership.

In answer to three interrogatories the jury found that the intestate did not falsely and knowingly misrepresent his occupation in his application, that he did not falsely and knowingly represent that he was not in any way engaged in the manufacture or sale of spirituous or malt liquors or wines in his medical examination paper, and that he did not falsely and knowingly misrepresent his occupation in his medical examination paper. In answer to a fourth interrogatory they found that no officer of Court Magnolia No. 3537 knew or had reason to believe that Sutterlute was engaged in any way in the manufacture or sale of spirituous or malt liquors or wines when he made application for the benefit certificate.

We are asked to reverse the case because the special findings of the jury as well as the verdict are, as alleged, against the manifest weight of the evidence.

It seems that a license to conduct a saloon was issued in the name of Arthur Frank Sutterlute in his lifetime; but he himself was a musician, and in addition to giving lessons upon the zither, and perhaps some other instruments, played at concerts. The appellee testified that the license was obtained by the Gottfried Brewing Company at her request, and that she at all times conducted the saloon; that the license was taken in the name of her husband but paid for by the brewing company; that she paid the amount of the license fee to the brewing company in installments; that she handled all the money and did all the business in connection with the undertaking. There was other testimony offered on behalf of the appellee to the effect that Sutterlute was a musician and tending to indicate that that was his principal occupation.

L. L. Moody, another witness for appellee, testified that he was the chief ranger of Court Magnolia and

solicited the application of Sutterlute for membership; that he often went to the saloon, which was a very small one, about 20 by 25 feet, with living rooms in the rear; that he became acquainted with Sutterlute by being invited in there to hear him sing; that Sutterlute told him the saloon belonged to his wife, and wanted to know if the order would take him in; that the witness told Sutterlute he could be taken in as a musician, if that was his business and his wife was running the saloon; that he knew at the time that no saloon keeper could be admitted to the order; that Sutterlute did not tell him the license was in his name, and that if he had done so the witness would not have proposed him as a member of the order. He had no recollection as to whether or not he had seen Sutterlute "serve drinks."

The testimony on behalf of the appellant consisted of that of the medical examiner and two witnesses, one of whom testified that Sutterlute five years before the time of the trial was employed by him in his saloon; that the work consisted in playing his zither and occasionally in assisting him in his work about the saloon, tending bar, etc. Another witness testified that Sutterlute told him in a conversation in the early part of April, 1904, that he proposed to open a saloon and wanted the witness to come and do some work; that he did such work, consisting of paper-hanging, painting and glazing, and saw Sutterlute in the saloon at that time; that he was "handing out" drinks.

The contention of the appellant is that the fact that the license was taken out in the name of Sutterlute is conclusive evidence that he was engaged in the saloon business. As heretofore stated, it would seem that the application for the license was made by the brewing company in his name; that the brewing company paid for the same, and that appellee reimbursed the brewing company. It would also seem that Moody, the chief officer of the local court when he solicited

Sutterlute to become a member, must have known of all the circumstances except the fact that the license was issued in Sutterlute's name.

We are unable to say that the verdict of the jury or the answers made by them to the special interrogatories are against the manifest weight of the evidence.

Complaint is made that an instruction asked by appellant was not given. In our opinion the substance of the instruction was incorporated in one that was given. The court at the request of the defendant gave fifteen instructions, some of them of great length, and we think they were as favorable to the appellant as it had any reason to ask.

As we find no error in the record the judgment is affirmed.

*Affirmed.*